*Caldwell, Sachs, for appellant.*

*Burdett, for appellee.*

---

### JESSE MALIN ET AL. *v.* BEN WATHEN ET AL.

**Frauds, Statute of—Undertaking to Answer for Default of Another.**

Where after M. had become bound as surety of O., W. knowing of the situation of the parties, signed a note to secure M. as surety, W.'s undertaking was within the statute of frauds.

APPEAL FROM MEADE CIRCUIT COURT.

December 12, 1873.

OPINION BY JUDGE PETERS:

Wathen, a creditor of Oscar and Walker Board, brought this suit to attach a debt owing by Isaac Malin to Walker Board, and to subject it to the payment of his debt, the Boards being insolvent.

Malin, in his answers, alleges that after he executed his note to Walker Board for the amount which Wathen seeks to subject to the payment of his debt, Oscar Board borrowed of A. T. Rankin $525, and in order to get the loan procured him, Malin, to become his surety to Rankin for the money, by promising him that the note which he had executed to Walker Board should be transferred to Rankin to be held by him, and if Oscar Board failed to pay him the money borrowed of him, and relieve Malin, he was to pay Rankin the amount of his note to Walker Board, and discharge the debt thereby; that at the time of this promise, an agreement was made by Oscar Board, whereby he was induced to bind himself as his surety to Rankin; that Walker Board was absent from the State, but upon his return in June, 1871, he approved the arrangement, and promised more than once to transfer the note to Rankin, and even after Wathen had instituted this suit, he promised to make the transfer of the note to Rankin to secure him, if Oscar Board failed to pay Rankin; and that finally, on the 20th of Oct., 1871, on the failure of Oscar Board to pay Rankin, Walker Board made the assignment of Malin's note to Rankin in fulfillment of his promise; and by appropriate pleadings he seeks to have the proceeds of that note applied *pro tanto* to the satisfaction of the note executed by Oscar Board and himself to Rankin.

Walker Board resists the relief sought by Malin; claims that the debt to Wathen is the debt of himself and Oscar Board, contracted while they were partners, and that the debt he holds on Malin should be applied to the discharge of a debt for which he is bound, and pleads that his promise to apply his debt on Malin to pay Rankin, was a promise in parol to answer for the debt of another person, and that he was not bound thereby. Whether the promise to answer for the debt, default or miscarriage of another is embraced by the statute against frauds and perjuries, is the main question presented by this record.

In *Dunn v. West & Hackley,* 5 B. Mon. 376, it is said that the usual test applied in ordinary cases for determining whether a promise, such as the one in question, is within the statute, is to ascertain whether the promise is a collateral or an original undertaking. In that case it appears that West bound himself with the son of Dunn; and as the surety of the son, at the request of Dunn, and upon his assurance that West should not pay anything in consequence of these obligations, and if he did have any thing to pay, that he, Dunn, would pay the same back to him, West executed the notes as the surety of the son of Dunn on these assurances, and on the sole credit of Dunn. After referring to the cases of *Chapin v. Mevill,* 4 Wend. (N. Y.) 57, *Ward v. Tryer's Ex'r,* 19 Wend. (N. Y.) 494, and some other authorities, the court says: "Upon the authority of these cases, therefore, and because there was no debt from the plaintiff's son to West, which the plaintiff promised to pay in default of payment by the son, but the promise was to pay to West what he should have to pay if he would become surety for the son, we are of opinion that the statute of frauds does not apply," etc.

It will be found on an examination of the other cases referred to, that they were adjudged not to be within the statute because the parties who became bound as the sureties of the principals, did so on the assurance of the third parties, and upon their promises to indemnify them at the time the liability was incurred.

In this case, Walker Board was not present and made no promise, and did not induce Malin to bind himself as the surety of Oscar Board; but his responsibility was complete before Walker Board knew he was bound, and his promise to assign the note to save Malin from harm afterwards, was a promise within the statute.

Before the execution of the subsequent agreement of Walker Board, by assigning the note to Rankin, Wathen had, by his attachment, acquired an equitable right to have the proceeds of Malin's note to Walker Board applied to the satisfaction of his debt, and that equity could not be defeated by afterwards assigning the note to Rankin. He, as a creditor, had a right to avail himself of the statute, and the equity which he acquired by his attachment

lien, could not be defeated by the subsequent assignment of the note by Walker Board.

Whereupon the judgment must be affirmed.

*Fairleigh, for appellants.*

*Walker, Kincheloe, Lewis, for appellees.*